UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TINA LOUISE THROM,<br><br>Defendant. | Case No. 4:21-cr-00107-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Tina Throm's Motion to Correct and Reduce Sentence to Give Defendant Credit for Time Served (Dkt. 48). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In June 2022, Throm pleaded guilty to possession with intent to distribute methamphetamine. A few months later, on October 4, 2022, this Court sentenced her to 70 months' incarceration followed by four years of supervised release. *See Judgment,* Dkt. 45. At sentencing, the Court recommended that she receive credit for all time served in federal custody.

By the time she was sentenced, Throm had spent several months in federal custody. On March 9, 2021, she was taken into state custody for a state probation

violation. She was transferred into federal custody roughly seven months later, on October 6, 2021. She remained in federal custody for nearly a year after that, until her October 4, 2022 sentencing. After sentencing, she was transferred to FCI Dublin and later to FCI Danbury, where she is currently incarcerated. Her projected release date is December 5, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 24, 2024). Notably, for much of the time she was in federal custody, Throm was receiving credit against a state sentence.

The parties report that the Bureau of Prisons (BOP) ultimately credited 66 days of the time Throm spent in federal custody against her sentence in this case. BOP began calculating the credit as of July 29, 2022—the day after Throm completed her state sentence. Throm contends that the Court meant for her to receive credit dating back to March 9, 2021—the date she was taken into state custody—which, according to Defendant, would mean the Court should modify her 70-month sentence to a 55-month sentence. *See Motion,* Dkt. 48. Alternatively, she argues that she should at least receive credit for time served dating back to October 2021 (when she was taken into federal custody), which would meant that the Court should modify her sentence by imposing a 61-month sentence rather than a 70-month sentence. *Id.*

## ANALYSIS

Throm brings her motion under Federal Rule of Criminal Procedure 36. Rule

36 authorizes courts to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The primary function of Rule 36 is to correct judgments when there is a difference between the oral pronouncement of a sentence and the written judgment. *See, e.g., United States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005) ("A clerical error involves a failure to accurately record a statement or action by the court or one of the parties."). Rule 36 cannot support a motion to substantively modify a sentence. *See, e.g., United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). And that is precisely the relief sought here, because during the sentencing hearing, the Court plainly sentenced Throm to 70 months' imprisonment—it had no intention of handing down a lesser sentence—and then recommended that Throm be credited with all time served in federal custody. This type of recommendation is the Court's standard procedure because BOP, not this Court, has discretion to compute credit for time served. *See, e.g., United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that "§ 3585(b) does not authorize a district court to compute the credit [for time served] at sentencing"). The Court's written judgment accurately reflects all orders and recommendations made during the sentencing hearing. There are no clerical errors. Accordingly, the Court has no choice but to deny the motion to the extent it is based on Rule 36.

Aside from that, to the extent Throm contends BOP wrongly calculated the credit for time served, this Court does not have jurisdiction to resolve that issue. Rather, she must file that request through a petition for a writ of habeas corpus under 28 U.S.C. § 2241, after having exhausted her administrative remedies. Any such petition must be filed in the district of incarceration, which, in this case, would be the District of Connecticut. Although nothing in this Order precludes Throm from filing a § 2241 petition in the District of Connecticut, she should bear in mind that district courts generally do not have authority to require BOP to award credit for time served.

## ORDER

**IT IS ORDERED that** Defendant's Motion Correct and Reduce Sentence (Dkt. 48) is **DENIED.**

DATED: October 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge